Plaintiff's Name GOLDYN COOPER
Inmate No. K-75775
Address P.O.BOX 409020
IONE,CA 95640

FILED
JUL - 8 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

GOLDYN COOPER
(Name of Plaintiff)

CIV S 08-1567 JFM PC
(Case Number)

vs.

COMPLAINT

R.SUBIA,Acting Warden ET AL.,Cpt.L.OLIVAS,Lt. J.ROGEL,Sgt.DION,C/O PAGALA.
(Names of all Defendants)

Civil Rights Act, 42 U.S.C. § 1983

JURY TRIAL DEMAND

I. **Previous Lawsuits (list all other previous or pending lawsuits on back of this form):**

A. Have you brought any other lawsuits while a prisoner? Yes ___ No X

B. If your answer to A is yes, how many? N/A.
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff N/A.

Defendants N/A.

2. Court (if Federal Court, give name of District; if State Court, give name of County)
N/A.

3. Docket Number N/A.

4. Assigned Judge N/A.

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
N/A.

6. Filing date (approx.) N/A.

7. Disposition date (approx.) N/A.

## II. Exhaustion of Administrative Remedies

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes x No___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes x No___

If your answer is no, explain why not N/A.

C. Is the process completed?

Yes x If your answer is yes, briefly explain what happened at each level.

Denied.

No___ If your answer is no, explain why not.

N/A.

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

## III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant R. SUBIA is employed as Acting Warden at MULE CREEK STATE PRISON.

B. Additional defendants Defendant L. OLIVAS is employed as Captain at MULE CREEK STATE PRISON. J. ROGEL is employed as Lieutenant at MULE CREEK STATE PRISON. R. DION is employed as Sergeant at MULE CREEK STATE PRISON. Defendant PAGALA is employed as Correctional Officer at MULE CREEK STATE PRISON.

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

(Claim 1)On 2-26-07,plaintiff was escorted to the AD SEG recreation yard by c/o Anderson and placed into a holding cage. After the handcuffs were taken off and plaintiff was searched,he asked c/o Pagala,whom was the gunner tower officer overlooking the AD SEG recreation yard,for a rain coat because it was raining and all of the other inmates had been provided rain coats. However,c/o Pagala denied plaintiff's request for a rain coat. Subjecting plaintiff to cruel and unusual punishment.

(Claim 2)Upon c/o Pagala's denial of plaintiff's access to a rain coat,plaintiff immediately requested to be escorted back to his assigned cell. (...continued)

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

order each defendant separate and in their official and individual capacity,or their Bond underwriter and/or policy Insurer to pay or cause to be paid immediately to plaintiff,the monetary sum of what is deemed just by this court,in/for compensatory damages for the actual pain and suffering.

Order each defendant separately and in their individual and official capacity to pay or cause to pay plaintiff immediately $50,000.00 dollars (...Continued).

I declare under penalty of perjury that the foregoing is true and correct.

Date 7-2-08 Signature of Plaintiff [signature]

(revised 6/01/04)

IV. Statement of Claim Continued

( Continued...)At that time,c/o Pagala became angry and began to yell unprovoked profanity at plaintiff. C/O Pagala told plaintiff if he (plaintiff) did not step through the gate to enter the REC YARD,then plaintiff will be sprayed with the water cannon." At that time the plaintiff again requested to be escorted back to his assigned cell. Without any justifiable reason,c/o Pagala aimed the water cannon at plaintiff and shot a burst of water at plaintiff,striking the ground directly in front of plaintiff...missing plaintiff by a small margin. Immediately, c/o Pagala re-aimed the cannon and shot another blast,this time hitting plaintiff directly in the groin area between the plaintiff's legs.

(Claim 3)Due to the excruciating pain from the assault, plaintiff doubled over and layed on the ground in a fetal position. Even though the plaintiff yelled to c/o Pagala to call for medical assistance,c/o Pagala refused to call for such and left plaintiff laying there on the ground for 10 to 15 minutes,while c/o Pagala was laughing histerically...displaying a sadistic and malicious intent,as well as deliberate indifference to plaintiff's health and safety.

(Claim 4)Sergeant R. Dion was on the scene and failed to provide any adequate supervision. Defendants Lieutenant J. Rogel, and Captain L. Olivas were supervising officers and their deliberate indifference is shown by their failures to right the wrong by c/o Pagala...after they became aware of the assault.

(Claim 5)Defendant R. J. Subia heard plaintiff's 602 appeal and both failed and refused to right the wrong. The mere fact that plaintiff was not at any time a threat to himself or any other inmate,nor CDCR employee shows that the use for and of physical force was unwarranted and unjustifiable. Further,such use of force is clearly a blatant violation of plaintiff's Civil Liberties protected by the 8th and 14th Amendments to the Constitutiona of the United States.

-The end-

V. Relief Continued

( Continued...)for their failure to protect and excessive force, pursuant to House Joint Resolution 192 of June 5th,1933. Order and redress plaintiff with $90,000.00 in punitive damages and special damages by directing defendants to immediately pay plaintiff the amount above.

-The end-