IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GOLDYN COOPER,

       Plaintiff,                    No. 2:08-cv-1567 JFM (PC)

   vs.

R. SUBIA, Warden, et al.,

       Defendants.

_____/      <u>ORDER</u>

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint, plaintiff alleges defendants Rogel and Olivas were supervising officers who failed to "right the wrong" committed by defendant Pagala after they became aware of the alleged assault. Plaintiff alleges defendant Subia hearing plaintiff's appeal and failed to

1  "right the wrong."  These allegations, without more, are insufficient to state a civil rights claim
2  under 42 U.S.C. § 1983.
3      However, the complaint states a cognizable claim for relief pursuant to 42 U.S.C.
4  § 1983 and 28 U.S.C. § 1915A(b) as to defendants Pagala and Dion.  If the allegations of the
5  complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this
6  action.
7      In accordance with the above, IT IS HEREBY ORDERED that:
8      1. Plaintiff's request for leave to proceed in forma pauperis is granted.
9      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
10 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
11 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
12 Director of the California Department of Corrections and Rehabilitation filed concurrently
13 herewith.
14     3. Service is appropriate for the following defendants:  Sgt. R. Dion and
15 Correctional Officer Pagala.
16     4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons,
17 an instruction sheet and a copy of the complaint filed July 8, 2008.
18     5. Within thirty days from the date of this order, plaintiff shall complete the
19 attached Notice of Submission of Documents and submit the following documents to the court:
20         a. The completed Notice of Submission of Documents;
21         b. One completed summons;
22         c. One completed USM-285 form for each defendant listed in number 3
23         above; and
24         d. Three copies of the endorsed complaint filed July 8, 2008.
25     6. Plaintiff need not attempt service on defendants and need not request waiver of
26 service.  Upon receipt of the above-described documents, the court will direct the United States

1 | Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
2 | without payment of costs.
3 | DATED: July 21, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001; coop1567.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDYN COOPER, | |
|     Plaintiff, | No. 2:08-cv-1567 JFM (PC) |
|     vs. | |
| R. SUBIA, Warden, et al., | <u>NOTICE OF SUBMISSION</u> |
|     Defendants. | <u>OF DOCUMENTS</u> |
| _____ / | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____ Complaint

DATED:

                                                                              _____
                                                                              Plaintiff