1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   GOLDYN COOPER,                    Case No. 2:08-CV-1567-JAM-JFM

11          Plaintiff,

12      vs.

13   DION, et al.,

14          Defendants.            ORDER

15   _____/

16          Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

17   Judgment was entered on March 30, 2011 following a jury trial before the undersigned. This

18   matter is presently pending on appeal.  On June 20, 2011, plaintiff filed a motion requesting trial

19   transcripts at government's expense.

20          A litigant who has been granted leave to proceed in forma pauperis on appeal may

21   move to have transcripts produced at government expense.  See 28 U.S.C. § 753(f); McKinney v.

22   Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at government

23   expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal

24   is not frivolous and presents a substantial question"), overruled on other grounds by Heller v.

25   McKinney, 502 U.S. 903 (1991).  There are two statutes to consider in connection with such a

26   request.  See, e.g., Morgan v. Doran, 2007 WL 1080580, *1-2 (E.D. Cal. 2007).  First, 28 U.S.C.

1

§ 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court.... Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question."  Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).  A substantial question exists where the issue before the court of appeals "is reasonably debatable."  Washburn v. Fagan, 2007 WL 2043854, *2 (N.D. Cal. 2007) (citations and internal quotations omitted).  If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant.  Id.

In his motion, plaintiff seeks a copy of the two-day trial so that he may challenge on appeal the credibility of witnesses.  The court finds that the appeal does not present a substantial question and the request for a transcript at government expense is denied.  Plaintiff may renew his request for a transcript at government expense with the appellate court by filing a motion there if he wishes.  In addition, plaintiff is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

/////

/////

/////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a transcript of

2  the trial proceedings at government expense is denied.

3  DATED: September 28, 2011

4                                          /s/ John A. Mendez
                                           UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26